IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CATHY L. PEDIGO,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

NO.

COMPLAINT FOR DAMAGES

COMES NOW the plaintiff, Cathy L. Pedigo, by and through her attorney Brett A. Purtzer of the Hester Law Group, Inc., P.S., and for a cause of action, states as follows:

I. <u>INTRODUCTION</u>

1.1    This is an action against defendant United States of America under the Federal Tort Claims Act, (28 U.S.C. § 2671, et seq.) and 28 U.S.C. § 1346(b)(1), for negligence in connection with injuries suffered while in a motor vehicle being driven by an employee of the United States Marshals Service and/or Federal Bureau of Prisons while acting in the course and scope of their employment.

COMPLAINT FOR DAMAGES - 1

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

1.2    Plaintiff brings this claim herein alleged against the defendant Pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries caused by defendant's negligence.

1.3    Plaintiff has fully complied with the provisions of 28 U.S.C. §2765 of the Federal Tort Claims Act.

1.4 This suit has been timely filed; plaintiff served notice of her claim on the United States Marshals Service and Federal Bureau of Prisons less than two years after the incident forming the basis of this suit.

1.5    Plaintiff now files this complaint pursuant to 28 U.S.C. §2401(b) and 28 U.S.C. §2675(a); over six months have passed since plaintiff presented her tort claim to the appropriate federal agency and the agency has failed to make final disposition of the claim.

## II. PARTIES, JURISDICTION AND VENUE

2.1    Plaintiff Cathy L. Pedigo was at all times relevant, a resident of King County, Washington.

2.2    Defendant United States of America operates the Federal Detention Center located at 2425 South 200th Street, Seattle, King County, Washington through the Federal Bureau of Prisons.

2.3    Defendant United States of America, including its directors, administrators, officers, operators, employees, agents and staff at the Federal Detention Center are hereinafter referred to as "BOP."

COMPLAINT FOR DAMAGES - 2

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

2.4     Defendant United States of America operates the United States Marshalls Service, with its Western District of Washington District Headquarters located at 700 Stewart Street, Suite 9000, Seattle, King County, Washington.

2.5     Defendant United States of America, including its directors, administrators, officers, operators, employees, agents and staff at the United States Marshalls Service are hereinafter referred to as "USMS".

2.6     At all times relevant to this complaint, the directors, officers, operators, administrators, employees, agents and staff of the United States Marshals Service and/or Federal Bureau of Prisons were employed by/and or acting on behalf of Defendant.  Defendant is responsible for the negligent acts of its employees and agents under the doctrine of respondeat superior.

2.7     Defendant at all times relevant to this action employed unknown individuals within the territorial jurisdiction and venue of the above-captioned District Court, who acted on behalf of the United States Marshals Service and/or Federal Bureau of Prisons.

2.8     Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

2.9     Venue is proper under 28 U.S.C. § 1391(e) and 1402(b) because all or a substantial part of the acts and omissions forming the basis of these claims occurred in the Western District of Washington.

III.  FACTUAL ALLEGATIONS

3.1     On May 17, 2018, plaintiff was incarcerated at the Federal Detention Center in Seattle, Washington.

3.2   Plaintiff was being transported to a medical appointment in a USMS and/or BOP transport van.

3.3   The USMS and/or BOP transport van was speeding, going approximately 50 mph.

3.4   Plaintiff was in handcuffs and leg restraints and was not seat belted in the vehicle.

3.5   Plaintiff commented on the vehicle's speed and the individual driving the vehicle suddenly stopped the vehicle throwing plaintiff forward into the divider. Plaintiff attempted to stop herself with her hands but was unable to and fell to the floor of the van landing on her tailbone, injuring herself

3.6   Plaintiff suffered injuries as a result of the above referenced incident.

## IV.   NEGLIGENCE

4.1   Duty: Defendant, through common law, statute, regulation, and/or ordinance owed plaintiff a duty to drive attentively, keep a careful lookout, and to otherwise exercise ordinary and reasonable care while operating a vehicle within the State of Washington. This duty included a duty to obey all relevant rules of the road pursuant to RCW 46.61 et. seq.

4.2   Breach: Defendant breached duties as set forth.

4.3   Proximate Cause: As a direct and proximate cause of defendant's breach of duties as set forth, plaintiff has suffered personal injuries.

4.4   The acts and/or omissions of unknown employees of the United States Marshals Service and/or Federal Bureau of Prisons were done

within the course and scope of his/her/their employment/agency with the United States Marshals Service and/or Federal Bureau of Prisons, and for the benefit of the United States Marshals Service and/or Federal Bureau of Prisons. Therefore, defendant is liable for the negligent acts or omissions of these unknown employees as his/her/their employer/principal and under respondeat superior.

## V.  DAMAGES

5.1     As a direct and proximate result of the negligence alleged herein, plaintiff has suffered severe physical injuries and plaintiff is entitled to fair and reasonable compensation.

5.2     As a direct result of the negligence alleged herein, plaintiff has incurred and will continue to incur medical expenses and other out-of-pocket expenses and plaintiff is entitled to fair and reasonable compensation.

5.3     As a direct and proximate result of the negligence alleged herein, plaintiff has suffered and will continue to suffer physical pain and suffering and plaintiff is entitled to fair and reasonable compensation.

5.4     As a direct and proximate result of the negligence alleged herein, plaintiff has suffered mental and emotional distress, loss of enjoyment of life, past and future disability, permanency of injury and plaintiff is entitled to fair and reasonable compensation.

5.5     As a direct and proximate result of the negligence alleged herein, plaintiff has sustained wage loss and loss of future earning capacity.

5.6     Plaintiff is entitled to reasonable attorney fees.

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

5.7 Plaintiff is entitled to prejudgment interest of all medical and other out-of-pocket expenses directly and proximately caused by the negligence alleged in this complaint.

5.8 Plaintiff is entitled to costs and disbursements herein.

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against the defendant for general and special damages in an amount to be proven at trial, applicable interest on the judgment, all applicable damages available under federal and state law, and further relief as the Court deems just and equitable.

DATED THIS 16th day of November, 2020.

HESTER LAW GROUP, INC., P.S.
Attorneys for Plaintiff

By: _____
Brett A. Purtzer
WSB# 17283